UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Allen Aikens,

Petitioner,

v.

Connie Horton,

Respondent.

________________________________/

Case No. 21-10945

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

**ORDER GRANTING PETITIONER'S REQUEST FOR DISMISSAL OF HIS CASE [3], DISMISSING THE HABEAS PETITION [1], AND DENYING AS MOOT PETITIONER'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2]**

Petitioner Allen Aikens, a state prisoner in the custody of the Michigan Department of Corrections, recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) and an application to proceed without prepaying the fees or costs for this action (ECF No. 2). The habeas petition challenges Petitioner's Wayne County, Michigan conviction for second-degree murder, Mich. Comp. Laws § 750.317. (ECF No. 1, PageID.1.) Petitioner states that he was sentenced on December 15, 2017, to a term of 150 to 250 months in prison. *Id.* The

Michigan Court of Appeals affirmed his conviction, *see People v. Aikens*, No. 342467, 2020 WL 2095985 (Mich. Ct. App. April 30, 2020), and on March 30, 2021, the Michigan Supreme Court denied leave to appeal. *See People v. Aikens*, 956 N.W.2d 187 (Mich. 2021).

On April 19, 2021, Petitioner filed his habeas corpus petition and application to proceed without prepaying fees or costs. His habeas petition asserts the following grounds for relief: (1) trial counsel provided ineffective assistance when he failed to object to the trial judge's unorthodox *voir dire* process, which resulted in a jury that had not been properly vetted and had no alternate jurors; (2) trial counsel was ineffective for failing to move for a new trial when a juror informed the court that the other jurors had intimidated her and that she would have preferred to continue deliberating rather than enter a verdict; and (3) appellate counsel provided ineffective assistance by failing to (a) properly preserve meritorious issues about trial counsel, the jury, and juror misconduct, and (b) make a record during an evidentiary hearing held on November 30, 2018. (Pet., ECF No. 1, PageID.5, 7–8.)

On May 12, 2021, Petitioner wrote a note to the Court in which he requested that his petition not be filed and that the petition and its

attachments be returned to him if possible. (ECF No. 3, PageID.38.) Petitioner also asked the Court to notify him in writing if the Clerk's Office could not cancel his filing. *Id.*

The petition and application to proceed without prepaying fees or costs were filed before the Court received Petitioner's written note, and the Court did retain the original habeas petition after scanning and docketing it. However, the Court will treat Petitioner's written note as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1).

"Rule 41(a)(1) permits a plaintiff to dismiss an action without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment and only if the plaintiff has never previously dismissed an action 'based on or including the same claim.' " *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990) (quoting Fed. R. Civ. P. 41(a)(1)(B)). "Under Rule 41(a)(1), a qualifying plaintiff has an absolute right to withdraw its action and, once a notice of dismissal is filed, a district court 'has no discretion to deny such a dismissal.' " *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020) (quoting *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)). Stated differently, "if the conditions described in Rule

41(a)(1) are satisfied, a district court may not interfere with a plaintiff's choice to voluntarily withdraw its claims under Rule 41(a)(1)." *Id*. at 772 n.2 (quoting *Aamot*, 1 F.3d at 444–45).

Respondent has not filed an answer or motion for summary judgment in this action, and the Court is not aware of any previous action that Plaintiff dismissed based on or including the same claims. Accordingly, it is **ORDERED** that Petitioner's notice of dismissal (ECF No. 3) is acknowledged, accepted, and granted.

It is further **ORDERED** that the habeas corpus petition (ECF No. 1) is **DISMISSSED** without prejudice. Nothing in this order should be construed as an adjudication on the merits of Petitioner's habeas claims.

It is further **ORDERED** that Petitioner's application to proceed without prepaying fees or costs (ECF No. 2) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: June 1, 2021
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 1, 2021.

s/William Barkholz
WILLIAM BARKHOLZ